IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMAINE WILLIAMS, #R19682, | ) ) ) ) |
| Plaintiff, | ) )  Case No. 3:15-CV-00523-SMY-MAB |
| vs. | ) ) ) |
| ALEX MOLL, TREVOR ROWLAND, K. HUNTER, WANGLER, S. A. GODINEZ, JOHN DOE, DONALD D. GAETZ,[1] | ) ) ) ) |
| Defendants. | ) ) |

## SCHEDULING AND DISCOVERY ORDER

**BEATTY, Magistrate Judge:**

This case is now past the threshold review of the complaint under 28 U.S.C. § 1915A, and Defendants have answered. Because litigation can be difficult for *pro se* prisoners, this Order is being issued to help explain and streamline the process. The parties should closely read this Order, which contains important information on deadlines, discovery, and the Court's procedures. Failure to follow this Order may result in sanctions, including dismissal of the case. The parties also should review the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Southern District of Illinois. The following procedures will apply to this case.

**I.   Filing Fee**

Plaintiff was assessed an initial partial filing fee of $44.65. (Doc. **25**). The Court

---

[1] The Clerk of Court is **DIRECTED** to correct Defendant Wangler's name to Eric Wangler, and Defendant K. Hunter to Kurtis Hunter.

notes that Plaintiff paid the initial partial filing fee in full.

II. **Initial Disclosures and Pretrial Filings**

    A. Plaintiff shall have until **July 5, 2019**, to produce to Defendants:

        1. Names of persons with knowledge of the incidents and a short description of the subject of their knowledge; and

        2. A statement of the injuries Plaintiff has suffered and the relief he seeks.

    **Plaintiff shall produce the above information directly to Defendants; the information shall NOT be filed with the Court.**

    B. Defendants shall have until **July 22, 2019**, to produce to Plaintiff copies of the following documents and information related to Plaintiff's allegations:

        1. Incident reports;

        2. Grievances, along with any responses or other related materials, such as grievance logs and counselor's notes;

        3. Disciplinary tickets, along with any documents related to the resolution of the tickets;

        4. Plaintiff's cumulative counseling summary or other log of interactions with staff during the relevant time;

        5. Shakedown slips;

        6. Reports and/or statements of persons with knowledge of the incidents; and

        7. Names of persons with knowledge of the incidents and a short description of the subject of their knowledge, to the extent this information is not included in the documents produced to Plaintiff;

    **Defendants may object to the production of the above for specific security or other concerns.**

    C. For any party entering an appearance after the date of this Order (for

example, a Defendant initially named as a John Doe but later identified or a Defendant added by Plaintiff through an amended complaint):

1. Plaintiff shall make the initial disclosures required by Section II(A) within 30 days from the new party's appearance; and

2. The new party shall make the initial disclosures required by Section II(B) within 45 days from his appearance in this case.

### III. Unknown/John Doe Defendants

Plaintiff shall have until **July 5, 2019,** to produce to Defendants any information he possesses which will help identify the John Doe Defendants, including but not limited to: physical description(s), specific job assignment(s), partial name(s)/nickname(s), and locations and dates where Plaintiff interacted with the John Doe(s).

Defendants shall have until **July 22, 2019,** to produce to Plaintiff the identity of the John Doe(s) or, if Defendants are unable to make a specific identification, any document or information which would assist in the identification of the John Doe(s); Defendants are not required to produce photographs of employees or inmates.

Plaintiff shall have until **August 5, 2019,** to file a motion to substitute specific Defendant(s) for the John Doe(s) or, if the John Doe(s) remain unidentified, to file a motion specifying additional steps that can be taken to identify the John Doe(s). **Failure to file a motion to substitute by this date will result in the dismissal of the John Doe(s) without prejudice.**

### IV. Amendments to the Complaint

Amendments to a complaint are governed by Federal Rule of Civil Procedure 15. If Plaintiff later seeks to file an amended complaint pursuant to Rule 15(a)(2), he must send both the proposed amended complaint and a motion asking for leave (permission)

to file the amended complaint. Defendants will have an opportunity to object to Plaintiff's motion for leave to file an amended complaint. The Court will then review the proposed amended complaint and either grant or deny the motion to amend the complaint.

If Plaintiff should file a motion asking for leave to amend the complaint, the following rules shall apply:

A. Plaintiff shall have until **September 3, 2019,** to file a motion for leave to amend the complaint to include <u>any</u> additional claims or parties. **Failure to file a motion for leave to amend by this date will likely bar further amendment of the complaint, except for good cause shown.**

B. Plaintiff must attach the entire proposed amended complaint to the motion for leave to amend. The Court does not accept piecemeal amendments. Therefore, the proposed amended complaint must stand complete on its own, including exhibits. The amended complaint, if accepted, will replace the prior complaint in its entirety so any claims or parties that are not included in the proposed amended complaint will be automatically dismissed.

C. Plaintiff's motion should explain how the proposed amended complaint differs from the complaint on file. The proposed amended complaint also must comport with the formatting requirements of Local Rule 15.1, which provides that "[a]ll new material in an amended pleading must be underlined." SDIL-LR 15.1. Failure to comply with this requirement will result in rejection of the proposed amended complaint.

V. **Discovery**

A. Each party is limited to serving 15 interrogatories, 15 requests for production of documents, and 10 requests for admission. On motion, these limits may be increased for good cause shown.

B. Any interrogatories, requests for production of documents, or requests for admissions shall be served so as to allow the answering party the full thirty-day period provided by the Federal Rules of Civil Procedure in which to respond.

C. The parties are reminded that discovery requests must be made in accordance with Federal Rule of Civil Procedure 26(b): the parties should only "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"

D. Defendants are given leave to depose Plaintiff pursuant to Federal Rule of Civil Procedure 30(a)(2). Defendants shall serve any Rule 30 notice upon Plaintiff at least **two weeks** prior to the date of a deposition. Plaintiff is informed that he must cooperate in the taking of his deposition. It is appropriate and proper for defense counsel to take a plaintiff's deposition and to ask questions even if the plaintiff is not represented by counsel. The failure to cooperate in the taking of a deposition by, for example, refusing to answer appropriate questions, may result in sanctions, including the dismissal of this lawsuit. Plaintiff is directed to review Federal Rule of Civil Procedure 30.

E. All discovery must be completed by **April 6, 2020.** Pursuant to Federal Rule of Civil Procedure 26(e), the parties are under an ongoing obligation to

<u>supplement the disclosures and production in this case</u>. Failure to timely disclose or supplement discovery in this case may result in sanctions, including being prohibited from using the undisclosed information or witness.

F. If a motion to compel discovery pursuant to Rule 37 is filed, the party filing the motion also shall submit the discovery requests and responses (if any) at issue.

G. The Court encourages the parties to conduct discovery in a timely manner. Motions for extension of the discovery deadline filed on or shortly before a deadline are disfavored.

## VI. Dispositive Motions

The Court notes that Defendants have not raised exhaustion of administrative remedies as an affirmative defense. (*See* Doc. 45). Any dispositive motions on the merits of Plaintiff's claims shall be filed by **May 6, 2020**. **Plaintiff is WARNED that the failure to respond to a dispositive motion may result in an Order granting summary judgment and terminating this matter.**

## VII. *Daubert* Motions

All *Daubert* motions (seeking to exclude expert testimony/evidence) shall be filed by **May 6, 2020**. **The parties are WARNED that *Daubert* motions not filed in accord with this deadline will be denied as untimely-filed.**

## VIII. Trial Schedule

Trial will be set once the Court rules on all dispositive motions, or, if none are filed, once the deadline for dispositive motions has passed. The Court will set a status

conference with the parties to select a firm trial date. The parties should confer with each other prior to the status conference to identify potential trial dates. Once the trial date is set, a continuance will be granted only in the rarest of circumstances.

IX. **Other Matters.**

The parties are reminded that the Magistrate Judge can preside over all proceedings in this action, including trial and the entry of judgment, should the parties wish to consent. SDIL-L.R. 72.2(b)(3); 28 U.S.C. § 636(c). The Clerk of Court is **DIRECTED** to attach a copy of the "Notice and Consent to Proceed Before a Magistrate Judge" form to this Order.

If the parties believe a settlement conference would be beneficial now or at any point before trial, they should contact the Magistrate Judge and request a prompt setting.

Finally, the Clerk of Court is **DIRECTED** to change Defendants' names in accordance with footnote 1.

**IT IS SO ORDERED.**

**DATED: June 5, 2019**

/s/Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**