IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAMAINE WILLIAMS,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 3:15-CV-523-MAB |
| | ) |
| **ALEX MOLL, TREVOR ROWLAND,** | ) |
| **KURTIS HUNTER, ERIC WANGLER,** | ) |
| **S.A. GODINEZ, TINA NEFF, and** | ) |
| **DONALD GAETZ,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on the motion for summary judgment on the issue of exhaustion filed by Defendant Tina Neff (Doc. 126). For the reasons explained in this Order, the motion is granted.

### PROCEDURAL BACKGROUND

Plaintiff Jamaine Williams is an inmate in the Illinois Department of Corrections. In May 2015, he filed this civil rights action pursuant to 42 U.S.C. § 1983 on behalf of himself and another inmate for deprivations of their constitutional rights that occurred at Pinckneyville Correctional Center (Doc. 1). Williams' co-plaintiff later asked to withdraw from the case and Williams proceeded on his own (Docs. 16, 17). In his second amended complaint, Williams alleged that corrections officers improperly strip searched him and attacked him on August 23, 2012 and failed to provide him with medical care

for the injuries he incurred during the attack (Docs. 19, 24). Williams also claims that higher-level officials at Pinckneyville and beyond were involved, as they either witnessed the attack but did not help or promulgated policies that led to the attack (Docs. 19, 24). Following a threshold review of the complaint pursuant to 28 U.S.C. § 1915A, Williams was permitted to proceed on the following claims:

> **COUNT 1:** Defendants Moll, Rowland, and Hunter performed an improper search on Williams, and in doing so applied the policy directives of Defendants Wangler, Gaetz, and Godinez, all in violation of the Eighth Amendment.
>
> **COUNT 3:** Moll, Rowland, and Hunter exposed Williams to excessive force, and in doing so applied the policy directives of Wangler, Gaetz, and Godinez, all in violation of the Eighth Amendment.
>
> **COUNT 4:** Gaetz and Wangler failed to intervene during the assault by Moll, Rowland, and Hunter, in violation of the Eighth Amendment.
>
> **COUNT 5:** Moll, Rowland, Hunter, Wangler, Gaetz, and John Doe #1 failed to secure treatment for Williams's injuries, in violation of the Eighth Amendment.

(Doc. 24).

In November 2015, this case was consolidated with a putative class action—*Ross, et al. v. Gossett, et al.*, SDIL case number 15-cv-309-SMY—related to shakedowns conducted by the "Orange Crush" tactical team at various IDOC facilities (Doc. 40). It proceeded as part of the class action for the next three-plus years until it was severed back out in March 2019 because Pinckneyville was not a facility contained within the proposed class definition (Doc. 59). *See also Ross, et al. v. Gossett, et al.*, SDIL case number 15-cv-309-SMY, Doc. 507.

In November 2019, the Court noted that Defendant John Doe #1 remained unidentified on the docket even though Williams had identified the Defendant as Tina Neff back in February 2016 (Doc. 66). After some back and forth from the parties, Tina Neff was substituted in for the John Doe Defendant in January 2020 (Docs. 67, 77, 83). Defendant Neff filed her motion for summary judgment on the issue of exhaustion on July 2, 2020 (Doc. 126). Williams filed a response in opposition to the motion on August 20, 2020 (Doc. 124), to which Defendant filed a reply (Doc. 135). After reviewing the parties' briefs, the Court determined there are no issues of fact and a hearing is not necessary.

### FACTUAL BACKGROUND

Defendant Tina Neff was a nurse at Pinckneyville Correctional Center. In the complaint, Williams alleged that after he was assaulted by IDOC staff on August 23, 2013, he sought medical attention from Nurse Neff but was not provided any (Docs. 19, 24).

The parties agree that there is one relevant grievance, which is dated September 19, 2013 (Doc. 127, p. 2; Doc. 134; *see* Doc. 127-1, pp. 10–19). In this grievance, Williams stated that the tactical unit did a shakedown of his cellhouse on August 23, 2013 (Doc. 127-1, pp. 12–13). He claimed that during the shakedown, Officers Mull, Rowland, and Hunter pushed his head into a wall, slammed him on the floor, put him in a headlock, and choked and punched him (*Id.*). He stated that he was taken to segregation and given two duplicate tickets for the same purported offense (*Id.*). He further stated that officers destroyed some of his personal property and also let inmates rifle through and take his food (*Id.*). The relief he asked for was to have all of the officers involved disciplined, for

his tickets to be expunged, and to be transferred out of Pinckneyville (*Id.*).

The counselor responded to the grievance on September 19, 2013, indicating s/he had spoken with Tactical Commander Wangler, who said he witnessed Williams' behavior's that led to his restraint and placement in segregation and that the tactical team used the minimal amount of force necessary to control Williams (Doc. 127-1, p. 12). Wangler stated there was no excessive use of force in this instance (*Id.*).

The grievance officer reviewed the grievance on November 5, 2013 and recommended denying the grievance (Doc. 127-1, p. 11). The grievance officer repeated what Tactical Commander Wangler said about the incident and the use of force (*Id.*). The grievance officer also indicated that although two tickets were issued, they were combined and processed as one (*Id.*). Finally, the grievance officer indicated that the missing property issue was previously addressed in another grievance, but also that Williams had signed a property receipt when he was released from segregation and there was nothing noted about damaged or missing property (*Id.*). The warden concurred with the grievance officer's recommendation and denied the grievance on November 21, 2013 (*Id.*).

Williams appealed to the ARB (Doc. 127-1, p. 10). In its response the ARB stated that it had reviewed the September 19th grievance "regarding [two disciplinary] reports, claims of excessive force by staff and alleged loss of property" (*Id.*). The ARB declined to address the property issue because it was the subject of another grievance (*Id.*). With respect to the disciplinary tickets, the ARB explained that they were combined so Williams did not receive two punishments for the same offense, but rather only one (*Id.*).

The ARB also reviewed the tickets and the report from the Adjust Committee hearing, and based on all of the available information, the ARB was "reasonably satisfied" that Williams committed the charged offense (*Id.*). As for the claim of excessive force, the ARB noted what Tactical Commander Wangler said about the incident (*Id.*). The ARB also contacted the "Investigative Staff," who indicated that when they spoke with Williams, he did not say anything about any alleged use of force (*Id.* at pp. 10, 18–19). The ARB also contacted the Health Care Unit at Pinckneyville, who advised that Williams said on October 3, 2013, "no, I don't have any injuries, I'm cool." (*Id.* at pp. 10, 18). Based on all of the available information, the ARB concluded that Williams' claim of excessive force was "not substantiated" (*Id.*). Williams' grievance appeal was denied (*Id.*).

## LEGAL STANDARDS

*Summary Judgment*

Summary judgment is proper only if the movant shows that there is no genuine issue as to any material fact and they are entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In making that determination, the court must view the evidence in the light most favorable to, and draw all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted). Courts generally cannot resolve factual disputes on a motion for summary judgment. *E.g., Tolan v. Cotton*, 572 U.S. 650, 656, 134 S. Ct. 1861, 1866, 188 L. Ed. 2d 895 (2014) ("[A] judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.") (internal quotation marks and citation omitted). However, when the motion for summary

judgment pertains to a prisoner's failure to exhaust, the Seventh Circuit has instructed courts to conduct an evidentiary hearing and resolve contested issues of fact regarding a prisoner's efforts to exhaust. *Wagoner v. Lemmon*, 778 F.3d 586, 590 (7th Cir. 2015) (citing *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008)). *Accord Roberts v. Neal*, 745 F.3d 232, 234 (7th Cir. 2014). No hearing is necessary when there is no disputed issue of fact.

*Exhaustion*

The Prison Litigation Reform Act provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011). The purpose of the exhaustion requirement is to "alert prison officials to perceived problems and to enable them to take corrective action without first incurring the hassle and expense of litigation." *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005) (per curiam) (citations omitted). *See also Maddox v. Love*, 655 F.3d 709, 721 (7th Cir. 2011) (quoting *Jones v. Bock*, 549 U.S. 199, 219 (2007)). In order for a prisoner to properly exhaust his or her administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Exhaustion is an affirmative defense, which the defendants bear the burden of proving. *Pavey*, 663 F.3d at 903 (citations omitted).

As an inmate in the IDOC, Williams was required to follow the three-step grievance process outlined in the Illinois Administrative Code to exhaust his claims.

20 ILL. ADMIN. CODE § 504.800, *et seq*.[1] The regulations first require the grievance to first go through the inmate's counselor, then the grievance officer and warden, and then appeal to the Director of the IDOC by sending the grievance to the Administrative Review Board for a final determination. *Id.* at §§ 504.810, 504.830, 504.850.[2]

The administrative regulations also require a prisoner's grievance to "contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint." 20 ILL. ADMIN. CODE § 504.810(b). If the offender does not know the names of individual, he "must include as much descriptive information about the individual as possible." *Id.* The grievance forms used by Williams likewise asked for "a description of what happened, when and where it happened, and the name or identifying information for each person involved" (*see* Doc. 127-1, p. 12). In short, the grievance must provide sufficient information to identify the defendant as the target of the complaint or to implicate them in the alleged wrongdoing. *See Roberts v. Neal*, 745 F.3d 232, 234 (7th Cir. 2014) (explaining "fatal defect" in grievance was "the absence of anything in it to indicate that [the defendant] was the target."); *see also Ward v. Hoffman*, 670 Fed. Appx. 408, 410 (7th Cir. 2016) (affirming summary judgment based on prisoner's

---

[1] When Williams sued, the April 2003 version of the grievance procedures was in effect. *See* 27 Ill. Reg. 6285–86 (April 11, 2003) (promulgating the version of 20 Ill. Admin. Code § 504.810 in effect from April 2003 through April 2017). Illinois later amended its grievance procedures, which took effect in April 2017. *See* 41 Ill. Reg. 3909–10 (March 31, 2017) (amending 20 Ill. Admin. Code § 504.810). Throughout this Order, the Court refers to and applies the April 2003 version of the regulations.

[2] There are exceptions to this rule, none of which apply here. 20 ILL. ADMIN. CODE § 504.810(a), 504.870 (2017).

failure to exhaust where he complained only about the procedures used by the adjustment committee and did not mention excessive force or the defendants); *Ambrose v. Godinez,* 510 Fed. Appx. 470, 472 (7th Cir. 2013) (affirming the dismissal of prison officials where the plaintiff's grievance failed to mention the officials by name or otherwise implicate them in the alleged constitutional violation).

## DISCUSSION

The only relevant grievance is dated September 19, 2013. It does not contain any reference to Nurse Neff by name, title, description, or any other identifiers. Nor does it describe any conduct that can be imputed to Nurse Neff. It also does not contain any suggestion that Williams sustained injuries that necessitated medical care, nor does it contain any complaint about a nurse or the purported denial of medical care. Instead, the body of the grievance, as well as the relief Williams requested, make clear that he was complaining about the disciplinary tickets he received, the alleged use of excessive force by officers, and his missing/destroyed personal property. Additionally, the responses from the counselor, grievance officer, and ARB demonstrate the grievance was processed as a complaint about duplicate tickets, officers' purported use of excessive force, and damaged and missing personal property (Doc. 127-1, pp. 10–12). It was not processed as a complaint about the denial of medical care (*see id.*). To the extent the ARB reviewed Williams' medical records or inquired into his treatment, it was clearly to determine whether there was anything in the medical records that corroborated his claim of excessive force (*see id.* at pp. 10, 18). There is nothing that suggests the ARB was investigating any type of allegation about inadequate medical care (*see id.*).

In conclusion, the September 19, 2013 grievance did not contain information sufficient to put prison officials on notice of any issue with Nurse Neff or, more generally, with Williams' medical care. Consequently, this grievance cannot serve to exhaust Williams' claim against Nurse Neff and she is entitled to summary judgment.

## CONCLUSION

The motion for summary judgment on the issue of exhaustion filed by Defendant Tina Neff (Doc. 126) is **GRANTED.** Tina Neff is **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

**DATED: January 8, 2021**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**